```
SOUTHERN DISTRICT OF MISSISSIPPI
          F I L E D
         SEP 20 2021
         ARTHUR JOHNSTON
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J. MATTHEW EICHELBERGER                                     PETITIONER

V.                                      CIVIL ACTION NO. 3:21cv607-DPJ-FKB

ESTATE OF JAMES HARRIS, M. JUDITH
BARNETT, JOHN WADDEL, ESTATE OF
DARWIN MAPLES, and
JOHN DOES 1-10                                              RESPONDENTS

## NOTICE OF REMOVAL

TO: J. Matthew Eichelberger            Mark Maples

EICHELBERGER LAW FIRM, PLLC            P.O. Box 998

308 E. Pearl Street, Suite 201         Pascagoula, MS 39568-0998

Jackson, MS 39201


M. Judith Barnett                      John Waddel

1911 Dunbarton Drive                   176 NW Acorn Drive

Jackson, MS 39216                      Lake City, FL 32055


Eddie Jean Carr

Hinds County Chancery Clerk

316 S. President Street

Jackson, MS 39201

IN ACCORDANCE WITH 28 U.S.C. §§ 1332, 1441, AND 1446, you are hereby notified that Respondent the Estate of James Harris has removed this civil action from the Chancery Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and in support thereof would show unto the Court the following:

## BACKGROUND

1. This matter arises from a civil action that was filed and litigated in the Circuit Court for the Second Judicial District of Hinds County, Mississippi. The case was styled *Sam Lush, et al. v. James J. Thompson, Jr., et al.*; Civil Action No. No. 252-07-01-CIV (hereinafter, "the Lush Case").

2. There is pending in this Court another matter directly related to this removed civil action, *The Estate of James Harris v. Jonathan M. Eichelberer and The Eichelberger Law Firm, PLLC*, In the United States District Court for the Southern District of Mississippi, Northern Division, Civil Action No. 3:21-cv-306-DPJ-FKB. To avoid a lengthy discussion of the factual background underlying the dispute, the Complaint (without the exhibits) from that other action is attached hereto as Exhibit "1" and incorporated herein by reference.[1]

3. The action in 3:21-cv-306-DPJ-FKB was initiated by the Estate of James Harris on May 3, 2021. Unbeknownst to the Estate of James Harris, Petitioner in this matter, Mr. Eichelberger, had filed the state court action removed herein more than 7 months before the federal action, on September 17, 2020. The Estate of James Harris did not learn of the

---

[1] The Estate of James Harris intends to seek consolidation of this action with the other referenced civil action.

existence of this removed action until Mr. Eichelberger filed responsive pleadings in 3:21-cv-306-DPJ-FKB.

4. The Estate of James Harris was not served with the state court action removed herein until August 21, 2021. Defenses and arguments related to the untimeliness of the service of process of this action are reserved for the Estate's Answer in this matter, which is due within 7 days of this Notice of Removal pursuant to FRCP 81(c).

## THIS REMOVAL IS TIMELY

5. On September 17, 2020, Petitioner filed his Petition for Declaratory Judgment in the Chancery Court of Hinds County, Mississippi, styled *J. Matthew Eichelberger v. Estate of James Harris, M. Judith Barnett, John Waddel, Estate of Darwin Maples, and John Does 1-10*, Civil Action No. G2020-1162 O/3. Petitioner served (though not in a timely manner) Respondent the Estate of James Harris with a Summons and copy of the Petition on August 21, 2021. A copy of the Summons and Petition is attached hereto as Exhibit "2." The Summons and Complaint attached as Exhibit "2" are the entirety of "all process, pleadings, and orders served upon" the Respondent to date. This Notice of Removal is timely filed within 30 days of service of the initial Complaint on the Estate of James Harris. *See* 28 U.S.C. § 1446(b).

6. Since the Estate of James Harris contends that all other Respondents are improperly joined, the consent of other Respondents to this removal is not required. *See, e.g., Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

## AMOUNT IN CONTROVERSY

7. Although the Petition does not set forth the precise amount in controversy, the amount of money at issue in this attorney's fee dispute is $650,000. See Exhibit "1," Complaint from 3:21-cv-306-DPJ-FKB. This exceeds the statutory minimum required for diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9. No party properly joined as a Respondent in this civil action is a citizen of the State of Mississippi, the state in which this action was brought. This action may be removed pursuant to 28 U.S.C. § 1441.

10. According to the allegations of the Petition, the Petitioner is a resident of Mississippi. *See* Exhibit "1", Petition at p. 1, ¶ 1. Respondent The Estate of James Harris is a resident of the State of Alabama. *See* Exhibit "1", Petition at p. 1, ¶ 2. Respondent John Waddel is alleged to be a resident of the State of Florida, though he is improperly joined (however, his improper joinder is not significant for diversity of citizenship purposes). *See* Exhibit "1", Petition at p. 2, ¶ 5. Respondent Judith Barnett is alleged to be a Mississippi resident (*see* Exhibit "1", Petition at p. 1, ¶ 3), but she is improperly joined and her citizenship should be disregarded for purposes of evaluating diversity of citizenship. Likewise, Respondent the Estate of Darwin Maples is alleged to be a Mississippi resident (*see* Exhibit "1", Petition at pp. 1-2, ¶¶ 3-4), but it is improperly joined and its citizenship should be disregarded for purposes of evaluating diversity of citizenship.

11. The Petition also names as Respondents "John Does 1-10," which are described as "any and all entities of or successors in interest to the aforementioned Respondents." *See* Exhibit "1", Petition at p. 2, ¶ 6). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## GROUNDS FOR REMOVAL

12. As set forth above, this United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, when the improperly joined Mississippi Respondents are disregarded. Disregarding the improperly joined Mississippi Respondents, this is a controversy between citizens of different states. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This case is timely removed, as it has been removed within 30 days of service of the Petition at issue on the Estate of James Harris. Accordingly, the action is removable by the Estate of James Harris.

13. Respondent Judith Barnett is improperly joined because her claim to a share of the attorney's fee at issue has been acknowledged and resolved by the Estate of James Harris (which affirmed the agreement Mr. Harris made with Ms. Barnett prior to his death). Ms. Barnett's claim to the attorney's fee at issue will be paid by the Estate once it has access to the disputed funds. Petitioner Eichelberger knows this because he received correspondence to Ms. Barnett affirming this very position. *See* Exhibit "3," Letter from Carner to Barnett. The Estate of James Harris fully intends to pay Ms. Barnett the agreed upon sum when it can. Plaintiff cannot pay Ms. Barnett what she is owed because

Petitioner Eichelberger is holding the money because of his purported interest in the funds. In any event, there is no justiciable controversy to be decided as to Ms. Barnett, as her claim has been settled. Thus, there is no possibility of recovery by Petitioner against Barnett and she is improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004).

14. Respondent the Estate of Darwin Maples is improperly joined because the statute of limitations on any claim it may have had to the funds earned pursuant to James Harris's contingency fee contract has long since-expired. If Darwin Maples had a claim, it would be based upon *quantum meruit*, as he did not have a legal services agreement with the Lush Plaintiffs.[2] Rather, he briefly served as local counsel to James Harris before being replaced as local counsel by Petitioner Eichelberger. It is well-settled that actions for *quantum meruit* under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999). Since neither Darwin Maples nor his Estate instituted any action within 3 years of accrual of any quantum meruit interest in 2015 (when the Lush case was settled and the legal fee was earned pursuant to James Harris's contract), any such claim is now be time-barred. Thus, there is no possibility of recovery by Petitioner against the Estate of Darwin Maples and it is

---

[2] As set forth in the Complaint in 3:21-cv-306-DPJ-FKB (*see* Exhibit "1" at p. 6, n.2), it is the Estate's understanding that Darwin Maples, who was in the case only briefly, did not present any claim when given the opportunity and has no interest in the funds at issue here. The statute of limitation argument presented herein is made without waiving any other argument on the merits of any claim the Estate of Darwin Maples may have had or may assert now.

improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004).

15. Respondent John Waddel is improperly joined because the statute of limitations on any claim he may have had to the funds earned pursuant to James Harris's contingency fee contract has long since-expired. If John Waddel had a claim, it would be based upon *quantum meruit*, as he did not have a legal services agreement with the Lush Plaintiffs.[3] Rather, he briefly provided legal services to the Lush Plaintiffs along with James Harris. It is well-settled that actions for *quantum meruit* under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999). Since John Waddel did not institute any action within 3 years of accrual of any *quantum meruit* interest in 2015 (when the Lush case was settled and the legal fee was earned pursuant to James Harris's contract), any such claim is now be time-barred. Thus, there is no possibility of recovery by Petitioner against John Waddel and he is improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004). His improper joinder does not impact the diversity of citizenship question but does factor into the consent to removal question. *See* Paragraph 6, *supra*.

16. A copy of the complete court file from the Chancery Court of Hind County, Mississippi, will be provided in compliance with Local Rule 5(b).

---

[3] As set forth in the Complaint in 3:21-cv-306-DPJ-FKB (*see* Exhibit "1" at p. 6, n.2), it is the Estate of James Harris's understanding that Waddell, an Alabama attorney, resolved his interest with James Harris prior to Harris's death in a manner that did not implicate the funds at issue here. The statute of limitation argument presented herein is made without waiving any other argument on the merits of any claim Waddel may have had or may assert now.

17. A copy of this Notice is being served upon all parties or their counsel and filed with the Chancery Clerk of Hinds County, Eddie Jean Carr.

18. WHEREFORE, Defendant the Estate of James Harris serves this Notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, and parties herein are notified not to proceed any further in the Chancery Court of Hinds County, Mississippi, unless by order of the United States District Court for the Southern District of Mississippi.

Respectfully submitted, this the 20th day of September, 2021.

                                        **THE ESTATE OF JAMES HARRIS**

                                        */s/ Oliver E. Diaz, Jr.*
                                        OLIVER E. DIAZ, JR.

**OF COUNSEL:**

Oliver E. Diaz, Jr. (MSBN 6064)
1 Carlyle Place
Jackson, MS 39216-3744
T: (601) 862-8480
E: oliver@oliverdiazlaw.com

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, Mississippi 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com

### CERTIFICATE OF SERVICE

    I, Oliver E. Diaz, Jr., the undersigned attorney, do hereby certify that I have this day served via US Mail, postage prepaid, a true and correct copy to each of the following:

J. Matthew Eichelberger

EICHELBERGER LAW FIRM, PLLC

308 E. Pearl Street, Suite 201

Jackson, MS 39201

Mark Maples

P.O. Box 998

Pascagoula, MS 39568-0998

M. Judith Barnett

1911 Dunbarton Drive

Jackson, MS 39216

John Waddel

176 NW Acorn Drive

Lake City, FL 32055

Eddie Jean Carr

Hinds County Chancery Clerk

316 S. President Street

Jackson, MS 39201

This the 20th day of September, 2021.

/s/ *Oliver E. Diaz, Jr.*
OLIVER E. DIAZ, JR.