**EDDIE JEAN CARR**
CHANCERY CLERK
P. O. Box 686
Jackson, Mississippi 39205-0686

**CLERK'S CERTIFICATE**

**THE STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

I, Eddie Jean Carr, Clerk of the Chancery Court of Hinds County, Mississippi, the same being a court of record, do hereby certify that the foregoing _54_ pages are true, full and complete copies of all papers filed herein in Cause Number _20-1162_ styled:

" _J. Matthew Eichelberger vs. Estate Of James Harris_ "

as the same are and remain on file and of record in my office.

In witness whereof, I hereto set my hand and official seal of said court, at my office, in the City of Jackson, County of Hinds, State of Mississippi, this the _4th_ day of _October_, 20____.

**EDDIE JEAN CARR, Chancery Clerk**

By _____, D.C.

SEP 17 2020

EDDIE JEAN CARR, CHANCERY CLERK

BY _____ D.C.

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

VS.                                    CAUSE NO. 6-2020-11620/13

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and
JOHN DOES 1-10**                                    **RESPONDENTS**

### PETITION FOR DECLARATORY JUDGMENT

COMES NOW THE PETITIONER, J. Matthew Eichelberger, and pursuant Rule 57 of the Mississippi Rules of Civil Procedure, files this, his Petition for Declaratory Judgment. By this filing, Petitioner seeks a declaratory judgment as outlined below. In support of the foregoing, the Petitioner would show unto the Court the following, to-wit:

1.

The Petitioner, J. Matthew Eichelberger, is an adult resident citizen of Hinds County, Mississippi.

2.

Defendant Estate of James Harris is an Alabama estate, originating out of the Probate Court of Jefferson County, Alabama. The Estate may be served by serving its Beverly Harris, administratrix of the Estate, at 348 Barrington Ct, Irondale, AL 35210.

3.

Defendant M. Judith Barnett is resident of the State of Mississippi. She may be served with process at her office address, 1911 Dunbarton Dr, Jackson, MS 39216.

4.

Defendant Estate of Darwin Maples is, upon information and belief, the proper party for Darwin M. Maples, whom the Petitioner believes has passed away. Mr. Maples

was a resident of George County, Mississippi prior to his death. If said Estate has not been opened, Petitioner will seek relief to open the same.

5.

Defendant John Waddell is, upon information and belief, a resident of the State of Florida. He may be served with process at 176 NW Acorn Dr, Lake City, FL.

6.

The John Doe Defendants are any and all entities of or successors in interest to the aforementioned Respondents.

7.

Venue in this Honorable Court is proper in that the underlying action was a Hinds County action, Respondent Barnett is a resident of Hinds County, the Petitioner is a resident of Hinds County, and the property at issue is in Hinds County. This Honorable Court has jurisdiction over this matter as it involves the division of personal property and interpretation of state statute.

8.

The parties to this Petition, or their predecessors in interest, were at various times counsel to the plaintiffs in the matter of *Sam Lush, et al v. James Thompson, et al*, Hinds County Circuit Court Cause No. 25CI2:07-cv-00001. Upon resolution of that matter via confidential settlement, the attorneys who had served as counsel entered into an agreement for the waiver of attorneys' fee liens and for the resolution of claims in June of 2015.

9.

Despite being at odds, the parties have yet to reach an agreed upon resolution. The Petitioner believed his claims to be alive under the Hinds County Circuit Court cause and therefore sought relief from that court. The Circuit Court determined otherwise on August 3, 2020, and entered an order preserving Petitioner's rights and claims for a period of 45 days.

10.

In 2011, four years prior to trial, Jack Dunbar became the plaintiffs' expert witness in the underlying case. Mr. Dunbar was present through trial and settlement. On October 31, 2017, as the parties were attempting to resolve their disagreements over the claims, Mr. Dunbar signed an affidavit regarding his opinion on the proper allocation of fees between the attorneys.

11.

Pursuant to MRCP Rule 57, the Plaintiff seeks a declaration from this Honorable Court that Miss. Code Ann. § 15-1-49 or any other applicable statute of limitation bars any claims of the Respondents, or in the alternative that the allocation of fees be governed by the expert witness's determination of the same.

### *Prayer for Relief*

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests a declaratory judgment as outlined above. Finally, the Plaintiff requests any such other relief as the Court deems proper in the circumstances.

RESPECTFULLY SUBMITTED, this the 17th day of September, 2020.

By: _____
     J. Matthew Eichelberger, Petitioner

SWORN TO AND SUBSCRIBED before me, this the ____ day of September, 2020.

_____
NOTARY PUBLIC

My Commission Expires:

05/08/2023



J. Matthew Eichelberger, MSB No. 101060
EICHELBERGER LAW FIRM, PLLC
308 E Pearl St., Ste 201
Jackson, MS 39201
Telephone: 601-292-7940
Facsimile: 601-510-9103
www.ike-law.com

4

# COVER SHEET
Case: 25CH1:20-cv-01162

## Civil Case Filing Form
(To be completed by Attorney/Party
Prior to Filing of Pleading)

Court Identification Docket #

| 2 | 5 | 1 | 1 | C | H |
|---|---|---|---|---|---|

County #  Judicial District  Court ID (CH, CI, CO)

| 0 | 9 | 1 | 7 | 2 | 0 |

Month  Date  Year

Filed: 09/Year/2020

| 2 | 0 | 3 | 0 |

Page Docket Number

| 0 | 1 | 1 | 6 | 2 |
| G | N | 0 |

Local Docket ID /3

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Rev 2016)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CHANCERY** Court of **HINDS** County — **FIRST** Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

### Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual **Eichelberger** / **J.** / / **M.**

Last Name / First Name / Maiden Name, if applicable / M.I. / Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff   308 E Pearl St, Ste 201, Jackson, MS 39201

Attorney (Name & Address)   J. Matthew Eichelberger, 308 E Pearl St, Ste 201, Jackson, MS 39201   MS Bar No.  101060

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

### Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

Individual **Harris** / **Beverly**

Last Name / First Name / Maiden Name, if applicable / M.I. / Jr/Sr/III/IV

X  Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of  **James Harris**

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known   MS Bar No.

X  Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion | Eminent Domain |
| Divorce:Fault | Employment | Minor Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other |
| Separate Maintenance | Birth Certificate Correction | Other | **Torts** |
| Term. of Parental Rights-Chancery | Mental Health Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | Breach of Contract | Fraud |
| Other | Guardianship | Installment Contract | Intentional Tort |
| **Appeals** | Heirship | Insurance | Loss of Consortium |
| Administrative Agency | Intestate Estate | Specific Performance | Malpractice - Legal |
| County Court | Minor's Settlement | Other | Malpractice - Medical |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | Mass Tort |
| Justice Court | Name Change | Bond Validation | Negligence - General |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Negligence - Motor Vehicle |
| Municipal Court | Will Contest | [X] Declaratory Judgment | Premises Liability |
| Other | Alcohol/Drug Commitment (Involuntary) | Injunction or Restraining Order | Product Liability |
| | | Other | Subrogation |
| | | | Wrongful Death |
| | | | Other |

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

IN THE [CHANCERY] COURT OF [HINDS] COUNTY, MISSISSIPPI

[FIRST] JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____          Docket No. If Filed
　　　　　File Yr　　Chronological No　　Clerk's Local ID          Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: [Barnett]　　　　　[M.]　　　　　( _____ ) [J.]
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business [_____]
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: [Waddell]　　　　　[John]　　　　　( _____ ) _____
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: [Doe]　　　　　[John]　　　　　( _____ ) _____
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

✔ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of [Darwin Maples]

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

VS.                              CAUSE NO. G2020-01162/3

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and
JOHN DOES 1-10**                                    **RESPONDENTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**

    TO:    Estate of Darwin Maples

### NOTICE TO RESPONDENT

**THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

    YOU ARE HEREBY SUMMONED and required to serve on the Petitioner, J. Matthew
Eichelberger, Esq. of the Eichelberger Law Firm, P.L.L.C., whose address is 308 E Pearl Street, Jackson,
MS 39201, an answer to the Petition which is being served on you with this summons, within thirty (30)
days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the Petition. Any answer that you serve on
the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

    Issued under my hand and the seal of said Court, this the __17th__ day of September, 2020.



EDDIE JEAN CARR, CHANCERY CLERK
Hinds County, Mississippi

BY: _SRanken_                    D.C.

PROOF OF SERVICE - SUMMONS

STATE OF MISSISSIPPI          )
COUNTY OF _____     )

(  )    I personally delivered copies of the summons and petition on the _____ day of _____,
20____, to:_____.

(  )    After exercising reasonable diligence, I was unable to deliver copies of the summons and petition
to _____ within _____ County, Mississippi. I served
the summons and petition on the _____ day of _____, 20____ at the usual place of abode of said
_____, by leaving a true copy of the summons and petition with
_____, who is the _____, a member of the family of
the person served above the age of sixteen (16) years and willing to receive the summons and petition,
and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid)
copies to the person served at his or her usual place of abode where the copies were left.

(  )    I was unable to serve the summons and petition.

FEE FOR SERVICE:    $_____            _____
                                        PROCESS SERVER

                                        ADDRESS: _____

                                        TELEPHONE:_____
                                        Last 4 of SSN:_____
STATE OF MISSISSIPPI          )
COUNTY OF _____     )

        PERSONALLY appeared before me, the undersigned authority in and for the state and county
aforesaid, the within named _____, who being first by me duly sworn, states on
oath that the matters and facts set forth in the foregoing PROOF OF SERVICE - SUMMONS are true and
correct as therein stated.

                                        _____
                                        PROCESS SERVER

        SWORN to and subscribed to before me on this the _____ day of _____, 20___.

                                        _____
                                        NOTARY PUBLIC

My commission expires:

_____ ( S E A L )

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                      **PETITIONER**

VS.                                                CAUSE NO. G2020 - 1162 01/3

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                               **RESPONDENTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO:    Estate of James Harris
c/o Beverly Harris
348 Barrington Ct
Irondale, AL 35210

### NOTICE TO RESPONDENT

**THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND**

**YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

YOU ARE HEREBY SUMMONED and required to serve on the Petitioner, J. Matthew Eichelberger, Esq. of the Eichelberger Law Firm, P.L.L.C., whose address is 308 E Pearl Street, Jackson, MS 39201, an answer to the Petition which is being served on you with this summons, within thirty (30) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 17th day of September, 2020.

EDDIE JEAN CARR, CHANCERY CLERK
Hinds County, Mississippi

BY: _____D.C.

## PROOF OF SERVICE - SUMMONS

STATE OF _____ )
COUNTY OF _____ )

( )  I personally delivered copies of the summons and petition on the _____ day of _____,
20_____, to: _____.

( )  After exercising reasonable diligence, I was unable to deliver copies of the summons and petition
to _____ within _____ County, Alabama. I served the
summons and petition on the _____ day of _____, 20_____ at the usual place of abode of said
_____, by leaving a true copy of the summons and petition with
_____, who is the _____, a member of the family of
the person served above the age of sixteen (16) years and willing to receive the summons and petition,
and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid)
copies to the person served at his or her usual place of abode where the copies were left.

( )  I was unable to serve the summons and petition.

FEE FOR SERVICE:  $_____                    _____
                                                PROCESS SERVER

                                                ADDRESS:  _____

                                                          _____
                                                TELEPHONE:_____
                                                Last 4 of SSN:_____
STATE OF _____ )
COUNTY OF _____ )

PERSONALLY appeared before me, the undersigned authority in and for the state and county
aforesaid, the within named _____, who being first by me duly sworn, states on
oath that the matters and facts set forth in the foregoing PROOF OF SERVICE - SUMMONS are true and
correct as therein stated.

                                                _____
                                                PROCESS SERVER

SWORN to and subscribed to before me on this the _____ day of _____, 20_____.

                                                _____
                                                NOTARY PUBLIC

My commission expires:

_____        ( S E A L )

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

VS.                                          CAUSE NO. G2020-1162 01/3

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and
JOHN DOES 1-10**                                               **RESPONDENTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   John Waddell
      176 NW Acorn Dr
      Lake City, FL 32055

### NOTICE TO RESPONDENT

**THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

YOU ARE HEREBY SUMMONED and required to serve on the Petitioner, J. Matthew Eichelberger, Esq. of the Eichelberger Law Firm, P.L.L.C., whose address is 308 E Pearl Street, Jackson, MS 39201, an answer to the Petition which is being served on you with this summons, within thirty (30) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 17th day of September, 2020.



EDDIE JEAN CARR, CHANCERY CLERK
Hinds County, Mississippi

BY: _____ D.C.

### PROOF OF SERVICE - SUMMONS

STATE OF FLORIDA       )
COUNTY OF _____ )

( )    I personally delivered copies of the summons and petition on the _____ day of _____,
20_____, to: _____.

( )    After exercising reasonable diligence, I was unable to deliver copies of the summons and petition
to _____ within _____ County, Florida. I served the
summons and petition on the _____ day of _____, 20_____ at the usual place of abode of said
_____, by leaving a true copy of the summons and petition with
_____, who is the _____, a member of the family of
the person served above the age of sixteen (16) years and willing to receive the summons and petition,
and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid)
copies to the person served at his or her usual place of abode where the copies were left.

( )    I was unable to serve the summons and petition.

FEE FOR SERVICE:  $_____

                                    _____
                                      PROCESS SERVER

                                      ADDRESS:   _____

                                        _____

                                      TELEPHONE:_____
                                      Last 4 of SSN:_____

STATE OF FLORIDA       )
COUNTY OF _____ )

        PERSONALLY appeared before me, the undersigned authority in and for the state and county
aforesaid, the within named _____, who being first by me duly sworn, states on
oath that the matters and facts set forth in the foregoing PROOF OF SERVICE - SUMMONS are true and
correct as therein stated.

                                      _____
                                      PROCESS SERVER

        SWORN to and subscribed to before me on this the _____ day of _____, 20_____.

                                      _____
                                      NOTARY PUBLIC

My commission expires:

_____ ( S E A L )

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

VS.                                    CAUSE NO. G2020-1162 /3

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                    **RESPONDENTS**

### SUMMONS

**THE STATE OF MISSISSIPPI**

      TO:    M. Judith Barnett
             1911 Dunbarton Dr
             Jackson, MS 39216

### NOTICE TO RESPONDENT

**THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND**
**YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

      YOU ARE HEREBY SUMMONED and required to serve on the Petitioner, J. Matthew Eichelberger, Esq. of the Eichelberger Law Firm, P.L.L.C., whose address is 308 E Pearl Street, Jackson, MS 39201, an answer to the Petition which is being served on you with this summons, within thirty (30) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

      Issued under my hand and the seal of said Court, this the 17th day of September, 2020.



EDDIE JEAN CARR, CHANCERY CLERK
Hinds County, Mississippi

BY: _____ D.C.

### PROOF OF SERVICE - SUMMONS

STATE OF MISSISSIPPI      )
COUNTY OF _____  )

( )    I personally delivered copies of the summons and petition on the _____ day of _____, 20____, to: _____.

( )    After exercising reasonable diligence, I was unable to deliver copies of the summons and petition to _____ within _____ County, Mississippi. I served the summons and petition on the _____ day of _____, 20____ at the usual place of abode of said _____, by leaving a true copy of the summons and petition with _____, who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and petition, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( )    I was unable to serve the summons and petition.

FEE FOR SERVICE:  $_____

                                 _____
                                 PROCESS SERVER

                                 ADDRESS:  _____

                                 _____
                                 TELEPHONE:_____
                                 Last 4 of SSN:_____

STATE OF MISSISSIPPI      )
COUNTY OF _____  )

    PERSONALLY appeared before me, the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing PROOF OF SERVICE - SUMMONS are true and correct as therein stated.

                                 _____
                                 PROCESS SERVER

    SWORN to and subscribed to before me on this the _____ day of _____, 20____.

                                 _____
                                 NOTARY PUBLIC

My commission expires:

_____ ( S E A L )

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                         **PETITIONER**

**VS.**                                                       **CAUSE NO. 1:20-cv-01162**

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                              **RESPONDENTS**

### MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE

COMES NOW the Petitioner and asks this Honorable Court for an extension of the 120-day time period in which to serve the summons in this matter. Multiple Respondents are deceased, and some reside out-of-state. Due to complications created by the COVID-19 pandemic, Petitioner seeks relief from the 120-day period and for further time to take the steps necessary to serve the parties.

Respectfully submitted, this the 18th day of January, 2021.

                                        /s/ J. Matthew Eichelberger
                                        Petitioner

J. Matthew Eichelberger, MSB No. 101060
Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
matt@ike-law.com

CERTIFICATE OF SERVICE

I, J. Matthew Eichelberger, hereby certify that I have filed the foregoing pleading with the Clerk of Court via the MEC system, which caused a true and correct copy of the same to be delivered to all counsel of record.

So certified, this the 18th day of January, 2021.

*/s/ J. Matthew Eichelberger*

**F I L E D**

JUN 09 2021

EDDIE JEAN CARR, CHANCERY CLERK

BY _Evan M_____ D.C.

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                **PETITIONER**

**VS.**                                                **CAUSE NO. 1:20-cv-01162**

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                      **RESPONDENTS**

### MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE

COMES NOW the Petitioner and asks this Honorable Court for an extension of the 120-

day time period in which to serve the summons in this matter. Multiple Respondents are

deceased, and some reside out-of-state. Due to complications created by the COVID-19

pandemic, Petitioner seeks relief from the 120-day period and for further time to take the steps

necessary to serve the parties.

Respectfully submitted, this the 18th day of January, 2021.

/s/ J. Matthew Eichelberger
Petitioner

J. Matthew Eichelberger, MSB No. 101060
Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
matt@ike-law.com

## CERTIFICATE OF SERVICE

I, J. Matthew Eichelberger, hereby certify that I have filed the foregoing pleading with the Clerk of Court via the MEC system, which caused a true and correct copy of the same to be delivered to all counsel of record.

So certified, this the 18th day of January, 2021.

*/s/ J. Matthew Eichelberger*

**FILED**

JUN 09 2021

EDDIE JEAN CARR, CHANCERY CLERK

BY _____ D.C.

**IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**J. MATTHEW EICHELBERGER**                                                      **PETITIONER**

**VS.**                                                                     **CAUSE NO. 1:20-cv-01162**

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                                          **RESPONDENTS**

**ORDER GRANTING MOTION**
**FOR EXTENSION OF TIME TO COMPLETE SERVICE**

This matter came before the Court on Petitioner's Motion to Extension of Time to

Complete Service on Respondents.  Having considered the same and having found that the

Petitioner showed good cause for requested said extension of time of which to serve

Respondents, the Court hereby GRANTS the requested extension.

It is therefore ORDERED that that Petitioner's deadline to serve the Respondents is

extended, and the deadline for service is now August 20, 2021.

So ordered on this the ___9th___ day of June, 2021.

_____
Honorable Denise Sweet Owens
Hinds County Chancery Court Judge

/s/ J. Matthew Eichelberger
Petitioner
J. Matthew Eichelberger, MSB No. 101060
Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
matt@ike-law.com

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

**CAUSE NO. 25CH1:20-cv-01162**

VS.

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**                    **RESPONDENTS**
**JOHN DOES 1-10**

### WAIVER OF SERVICE OF SUMMONS

I, the undersigned Mark Maples, in my capacity as the administrator/executor of the

Estate of Darwin Maples, hereby waive the service of summons upon myself in this cause.

In executing this document, I certify that I am not an unmarried minor and am not mentally

incompetent, and that I have the authority to waive process and accept service of the Petition in

this matter on behalf of the Estate of Darwin Maples.

This, the __17__ day of August, 2021.

_____
Mark Maples
Administrator/Executor of the Estate of Darwin Maples

STATE OF MISSISSIPPI
COUNTY OF __Jackson__

PERSONALLY appeared before me, the undersigned authority in and for the state and county
aforesaid, the within named Mark Maples, who being first by me duly sworn, states on oath that the
matters and facts set forth in the foregoing WAIVER OF SERVICE OF SUMMONS are true and correct
as therein stated.

SWORN to and subscribed to before me on this the 17th day of August, 2021.

_____
NOTARY PUBLIC

My commission expires:

CATHRYN M. HAMMONDS
ID # 127055
Commission Expires:
March 11, 2023
JACKSON COUNTY

## IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**J. MATTHEW EICHELBERGER**                                    **PETITIONER**

**VS.**                                                    **CAUSE NO. 1:20-cv-01162**

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                         **RESPONDENTS**

### MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE

COMES NOW the Petitioner and asks this Honorable Court for an extension of time in which to serve the summonses in this matter.

This matter arose out of a dispute over legal fees which had been litigated in Hinds County Circuit Court. The Petitioner filed the instant suit to preserve his rights while negotiations continued. While it is still the hope of the undersigned that this matter will be resolved through negotiation, it is now apparent that the parties are not close enough to reach such a resolution without moving forward.

The representative of one Respondent, the Estate of Darwin Maples, has already waived and accepted service. Efforts are currently underway to serve the remaining Respondents, including ongoing attempted personal service upon out-of-state Respondents, as well as certified mail service upon the same. Therefore, out of an abundance of caution, the Petitioner would request an additional 60 days to obtain service on the remaining Respondents, making the new deadline for service October 19, 2021.

Respectfully submitted, this the 19th day of August, 2021.

*/s/ J. Matthew Eichelberger*
Petitioner

J. Matthew Eichelberger, MSB No. 101060
Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
matt@ike-law.com

## CERTIFICATE OF SERVICE

I, J. Matthew Eichelberger, hereby certify that I have filed the foregoing pleading with the Clerk of Court via the MEC system, which caused a true and correct copy of the same to be delivered to all counsel of record.

So certified, this the 19th day of August, 2021.

/s/ J. Matthew Eichelberger



AUG 26 2021

EDDIE JEAN CARR, CHANCERY CLERK

BY _D-_____ D.C.

**IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**J. MATTHEW EICHELBERGER**                                **PETITIONER**

**VS.**                                                        **CAUSE NO. 1:20-cv-01162**

**ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,**
**JOHN WADDEL, ESTATE OF DARWIN MAPLES, and**
**JOHN DOES 1-10**                                          **RESPONDENTS**

## ORDER GRANTING MOTION
## FOR EXTENSION OF TIME TO COMPLETE SERVICE

This matter came before the Court on Petitioner's Motion to Extension of Time to

Complete Service on Respondents. Having considered the same and having found that the

Petitioner showed good cause for requested said extension of time of which to serve

Respondents, the Court hereby GRANTS the requested extension.

It is therefore ORDERED that that Petitioner's deadline to serve the Respondents is

extended, and the deadline for service is now October 19, 2021.

So ordered on this the ___ day of August, 2021.

_____
Honorable Denise Sweet Owens
Hinds County Chancery Court Judge

/s/ J. Matthew Eichelberger
Petitioner
J. Matthew Eichelberger, MSB No. 101060
Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
matt@ike-law.com

F I L E D

SEP 23 2021

EDDIE JEAN CARR, CHANCERY CLERK

BY _Slanken_ B.C.

**SOUTHERN DISTRICT OF MISSISSIPPI**
**FILED**

SEP 20 2021

ARTHUR JOHNSTON

BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

J. MATTHEW EICHELBERGER

**PETITIONER**

V.                                                    CIVIL ACTION NO. 3:21cv607-DPJ-FKB

ESTATE OF JAMES HARRIS, M. JUDITH
BARNETT, JOHN WADDEL, ESTATE OF
DARWIN MAPLES, and
JOHN DOES 1-10                                        **RESPONDENTS**

---

### NOTICE OF REMOVAL

---

TO:     J. Matthew Eichelberger                Mark Maples

        EICHELBERGER LAW FIRM, PLLC           P.O. Box 998

        308 E. Pearl Street, Suite 201         Pascagoula, MS 39568-0998

        Jackson, MS 39201


        M. Judith Barnett                      John Waddel

        1911 Dunbarton Drive                   176 NW Acorn Drive

        Jackson, MS 39216                      Lake City, FL 32055


        Eddie Jean Carr

        Hinds County Chancery Clerk

        316 S. President Street

        Jackson, MS 39201

IN ACCORDANCE WITH 28 U.S.C. §§ 1332, 1441, AND 1446, you are hereby notified that Respondent the Estate of James Harris has removed this civil action from the Chancery Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and in support thereof would show unto the Court the following:

## BACKGROUND

1. This matter arises from a civil action that was filed and litigated in the Circuit Court for the Second Judicial District of Hinds County, Mississippi. The case was styled *Sam Lush, et al. v. James J. Thompson, Jr., et al.*; Civil Action No. No. 252-07-01-CIV (hereinafter, "the Lush Case").

2. There is pending in this Court another matter directly related to this removed civil action, *The Estate of James Harris v. Jonathan M. Eichelberer and The Eichelberger Law Firm, PLLC*, In the United States District Court for the Southern District of Mississippi, Northern Division, Civil Action No. 3:21-cv-306-DPJ-FKB. To avoid a lengthy discussion of the factual background underlying the dispute, the Complaint (without the exhibits) from that other action is attached hereto as Exhibit "1" and incorporated herein by reference.[1]

3. The action in 3:21-cv-306-DPJ-FKB was initiated by the Estate of James Harris on May 3, 2021. Unbeknownst to the Estate of James Harris, Petitioner in this matter, Mr. Eichelberger, had filed the state court action removed herein more than 7 months before the federal action, on September 17, 2020. The Estate of James Harris did not learn of the

---

[1] The Estate of James Harris intends to seek consolidation of this action with the other referenced civil action.

of a co-defendant that the removing party contends is improperly j

*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

existence of this removed action until Mr. Eichelberger filed responsive pleadings in 3:21-cv-306-DPJ-FKB.

4. The Estate of James Harris was not served with the state court action removed herein until August 21, 2021. Defenses and arguments related to the untimeliness of the service of process of this action are reserved for the Estate's Answer in this matter, which is due within 7 days of this Notice of Removal pursuant to FRCP 81(c).

## THIS REMOVAL IS TIMELY

5. On September 17, 2020, Petitioner filed his Petition for Declaratory Judgment in the Chancery Court of Hinds County, Mississippi, styled *J. Matthew Eichelberger v. Estate of James Harris, M. Judith Barnett, John Waddel, Estate of Darwin Maples, and John Does 1-10*, Civil Action No. G2020-1162 O/3. Petitioner served (though not in a timely manner) Respondent the Estate of James Harris with a Summons and copy of the Petition on August 21, 2021. A copy of the Summons and Petition is attached hereto as Exhibit "2." The Summons and Complaint attached as Exhibit "2" are the entirety of "all process, pleadings, and orders served upon" the Respondent to date. This Notice of Removal is timely filed within 30 days of service of the initial Complaint on the Estate of James Harris. *See* 28 U.S.C. § 1446(b).

6. Since the Estate of James Harris contends that all other Respondents are improperly joined, the consent of other Respondents to this removal is not required. *See, e.g., Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

## AMOUNT IN CONTROVERSY

7.  Although the Petition does not set forth the precise amount in controversy, the amount of money at issue in this attorney's fee dispute is $650,000. See Exhibit "1," Complaint from 3:21-cv-306-DPJ-FKB. This exceeds the statutory minimum required for diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

8.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.  No party properly joined as a Respondent in this civil action is a citizen of the State of Mississippi, the state in which this action was brought.   This action may be removed pursuant to 28 U.S.C. § 1441.

10. According to the allegations of the Petition, the Petitioner is a resident of Mississippi. *See* Exhibit "1", Petition at p. 1, ¶ 1. Respondent The Estate of James Harris is a resident of the State of Alabama. *See* Exhibit "1", Petition at p. 1, ¶ 2. Respondent John Waddel is alleged to be a resident of the State of Florida, though he is improperly joined (however, his improper joinder is not significant for diversity of citizenship purposes). *See* Exhibit "1", Petition at p. 2, ¶ 5. Respondent Judith Barnett is alleged to be a Mississippi resident (*see* Exhibit "1", Petition at p. 1, ¶ 3), but she is improperly joined and her citizenship should be disregarded for purposes of evaluating diversity of citizenship. Likewise, Respondent the Estate of Darwin Maples is alleged to be a Mississippi resident (*see* Exhibit "1", Petition at pp. 1-2, ¶¶ 3-4), but it is improperly joined and its citizenship should be disregarded for purposes of evaluating diversity of citizenship.

4

11. The Petition also names as Respondents "John Does 1-10," which are described as "any and all entities of or successors in interest to the aforementioned Respondents." *See* Exhibit "1", Petition at p. 2, ¶ 6). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

### GROUNDS FOR REMOVAL

12. As set forth above, this United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, when the improperly joined Mississippi Respondents are disregarded. Disregarding the improperly joined Mississippi Respondents, this is a controversy between citizens of different states. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This case is timely removed, as it has been removed within 30 days of service of the Petition at issue on the Estate of James Harris. Accordingly, the action is removable by the Estate of James Harris.

13. Respondent Judith Barnett is improperly joined because her claim to a share of the attorney's fee at issue has been acknowledged and resolved by the Estate of James Harris (which affirmed the agreement Mr. Harris made with Ms. Barnett prior to his death). Ms. Barnett's claim to the attorney's fee at issue will be paid by the Estate once it has access to the disputed funds. Petitioner Eichelberger knows this because he received correspondence to Ms. Barnett affirming this very position. *See* Exhibit "3," Letter from Carner to Barnett. The Estate of James Harris fully intends to pay Ms. Barnett the agreed upon sum when it can. Plaintiff cannot pay Ms. Barnett what she is owed because

Petitioner Eichelberger is holding the money because of his purported interest in the funds. In any event, there is no justiciable controversy to be decided as to Ms. Barnett, as her claim has been settled. Thus, there is no possibility of recovery by Petitioner against Barnett and she is improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004).

14. Respondent the Estate of Darwin Maples is improperly joined because the statute of limitations on any claim it may have had to the funds earned pursuant to James Harris's contingency fee contract has long since-expired. If Darwin Maples had a claim, it would be based upon *quantum meruit*, as he did not have a legal services agreement with the Lush Plaintiffs.[2] Rather, he briefly served as local counsel to James Harris before being replaced as local counsel by Petitioner Eichelberger. It is well-settled that actions for *quantum meruit* under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999). Since neither Darwin Maples nor his Estate instituted any action within 3 years of accrual of any quantum meruit interest in 2015 (when the Lush case was settled and the legal fee was earned pursuant to James Harris's contract), any such claim is now be time-barred. Thus, there is no possibility of recovery by Petitioner against the Estate of Darwin Maples and it is

---

[2] As set forth in the Complaint in 3:21-cv-306-DPJ-FKB (*see* Exhibit "1" at p. 6, n.2), it is the Estate's understanding that Darwin Maples, who was in the case only briefly, did not present any claim when given the opportunity and has no interest in the funds at issue here. The statute of limitation argument presented herein is made without waiving any other argument on the merits of any claim the Estate of Darwin Maples may have had or may assert now.

improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004).

15. Respondent John Waddel is improperly joined because the statute of limitations on any claim he may have had to the funds earned pursuant to James Harris's contingency fee contract has long since-expired. If John Waddel had a claim, it would be based upon *quantum meruit*, as he did not have a legal services agreement with the Lush Plaintiffs.[3] Rather, he briefly provided legal services to the Lush Plaintiffs along with James Harris. It is well-settled that actions for *quantum meruit* under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999). Since John Waddel did not institute any action within 3 years of accrual of any *quantum meruit* interest in 2015 (when the Lush case was settled and the legal fee was earned pursuant to James Harris's contract), any such claim is now be time-barred. Thus, there is no possibility of recovery by Petitioner against John Waddel and he is improperly joined. *See generally, Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004). His improper joinder does not impact the diversity of citizenship question but does factor into the consent to removal question. *See* Paragraph 6, *supra*.

16. A copy of the complete court file from the Chancery Court of Hind County, Mississippi, will be provided in compliance with Local Rule 5(b).

---

[3] As set forth in the Complaint in 3:21-cv-306-DPJ-FKB (*see* Exhibit "1" at p. 6, n.2), it is the Estate of James Harris's understanding that Waddell, an Alabama attorney, resolved his interest with James Harris prior to Harris's death in a manner that did not implicate the funds at issue here. The statute of limitation argument presented herein is made without waiving any other argument on the merits of any claim Waddel may have had or may assert now.

17. A copy of this Notice is being served upon all parties or their counsel and filed with the Chancery Clerk of Hinds County, Eddie Jean Carr.

18. WHEREFORE, Defendant the Estate of James Harris serves this Notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, and parties herein are notified not to proceed any further in the Chancery Court of Hinds County, Mississippi, unless by order of the United States District Court for the Southern District of Mississippi.

Respectfully submitted, this the 20th day of September, 2021.

THE ESTATE OF JAMES HARRIS


_/s/ Oliver E. Diaz, Jr._
OLIVER E. DIAZ, JR.

**OF COUNSEL:**

Oliver E. Diaz, Jr. (MSBN 6064)
1 Carlyle Place
Jackson, MS 39216-3744
T: (601) 862-8480
E: oliver@oliverdiazlaw.com

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, Mississippi 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com

**CERTIFICATE OF SERVICE**

I, Oliver E. Diaz, Jr., the undersigned attorney, do hereby certify that I have this day served via US Mail, postage prepaid, a true and correct copy to each of the following:

J. Matthew Eichelberger

EICHELBERGER LAW FIRM, PLLC

308 E. Pearl Street, Suite 201

Jackson, MS 39201

Mark Maples

P.O. Box 998

Pascagoula, MS 39568-0998

M. Judith Barnett

1911 Dunbarton Drive

Jackson, MS 39216

John Waddel

176 NW Acorn Drive

Lake City, FL 32055

Eddie Jean Carr

Hinds County Chancery Clerk

316 S. President Street

Jackson, MS 39201

This the 20th day of September, 2021.

/s/ Oliver E. Diaz, Jr.

OLIVER E. DIAZ, JR.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

THE ESTATE OF JAMES HARRIS                                          **PLAINTIFF**

v.                                          CIVIL ACTION NO. _3:21-cv-306-DPJ-FKB_

JONATHAN M. EICHELBERGER AND
THE EICHELBERGER LAW FIRM PLLC                              **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, the Estate of James Harris, by and through its counsel of record, hereby files this Complaint for Declaratory and Injunctive Relief against the Defendants Jonathan M. Eichelberger and the Eichelberger Law Firm PLLC and in support thereof would show unto this Honorable Court the following:

### I. NATURE OF THE CASE

1.      This is an action for Declaratory Judgment pursuant to *Federal Rule of Civil Procedure* 57, for the purpose of determining questions of actual controversy between the parties as described herein. This Complaint is filed under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and involves an actual, real, and substantial controversy, justiciable in character, touching the legal relationships of parties having adverse legal interests, admitting of specific relief through a decree conclusive in character involving the respective rights, duties, and liabilities of the parties.

2.      This action also seeks injunctive relief pursuant to *Federal Rule of Civil Procedure* 65. Plaintiff seeks injunctive relief from the Court to order Defendants to tender the funds at issue upon the court entering declaratory judgment in favor of the Plaintiff or such earlier time as determined by the Court.

EXHIBIT 1

3.  18 U.S.C. § 2001 provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." In this action, Plaintiff seeks Declaratory Judgment and injunctive relief on the issue of whether Defendants have any valid legal claim to the funds at issue, and specifically reserves other relief that could be sought in the future. For instance, this action is not brought to litigate the merits of any legal claim that Defendants may have but seeks a declaration only as to whether there is any dispute as a matter of law due to the expiration of the statute of limitations that would apply to any claim that Defendants may have had. Plaintiff affirmatively reserves all rights, defenses, or claims related to the merits of any such claim, if Defendants are found to have a legally viable claim to the funds. Further, Plaintiff does not assert here and affirmatively reserves any damages claims it may have that sound in tort or other legal theory against the Defendants for not dispersing the funds at issue, including, but not limited to, breach of fiduciary duty, conversion, interest, tortious interference with contract, etc.

## II. PARTIES

4.  Plaintiff, the Estate of James Harris, is a resident of the State Alabama. The Estate is being administered in the cause styled *In the Matter of the Estate of James E. Harris*, In the Probate Court of Jefferson County, Alabama, Case No. 2016-227351. The Personal Representative of the Estate of James Harris is Beverly Harris, the widow of James Harris. Copies of the Letters Testamentary and Letters of Administration issued to Beverly Harris are attached hereto as Exhibit "1" and incorporated herein by reference.

5.  Defendant Jonathan M. Eichelberger is an adult resident citizen of Hinds County in the State of Mississippi. Defendant Eichelberger can be served with process by any means permitted by the *Federal Rules of Civil Procedure*.

6.      Defendant The Eichelberger Law Firm PLLC is a Mississippi limited liability company. Upon information and belief, the members of The Eichelberger Law Firm PLLC are Defendant Eichelberger and Jennie Austin Eichelberger, both of whom are adult resident citizens of Hinds County in the State of Mississippi. Defendant The Eichelberger Law Firm PLLC can be served with process by serving its registered agent, J. Matthew Eichelberger, or by any other means permitted by the *Federal Rules of Civil Procedure.*

### III. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 and related authority, as it is a case or controversy between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The court has personal jurisdiction over all parties to this action.

8.      Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, as the property at issue in this Complaint and substantial acts and/or omissions and events that give rise to this Complaint occurred in the district and division in which this matter has been filed. In addition, both Defendants are residents of the district and division in which this matter has been field.

### IV. FACTS

9.      This matter arises from another civil action that was filed and litigated in the Circuit Court for the Second Judicial District of Hinds County, Mississippi. The case was styled *Sam Lush, et al. v. James J. Thompson, Jr., et al.*; Civil Action No. No. 252-07-01-CIV (hereinafter, "the Lush Case").

Case 3:21-cv-00306-DPJ-FKB    Document 1    Filed 05/03/21    Page 4 of 12

10.     The Plaintiffs in the Lush Case were Samuel Lush, Stanley Bates, Jerry T. Havard, Sr., Ollie Gomillion, John Magruder, and Michael Lind (hereinafter, "the Lush Plaintiffs"). The Lush Plaintiffs were all owners of Mississippi businesses that sold car batteries.

11.     The Lush Case involved allegations of legal malpractice against the Defendants in that case, a law firm and individual attorneys associated with that law firm. In essence, the Lush Plaintiffs alleged that the Defendants in that case had breached various duties arising from prior representation of the Lush Plaintiffs in claims against a battery manufacturer related to defective batteries.

12.     The Lush Plaintiffs were represented by a variety of attorneys over the course of the Lush Case. The Lush Plaintiffs were first represented by attorney Judy Barnett, who filed the Complaint. Shortly thereafter, attorney Drew Martin became lead counsel for the Lush Plaintiffs and had a 40% contingency contract with the Plaintiffs. *See* Exhibit "2," Example of Martin Contract with Lush Plaintiffs. Among others, Mr. Martin associated the law firm of Merkel & Cocke to assist with prosecution of the case.

13.     Following the bulk of the discovery phase but prior to trial, the Lush Plaintiffs terminated Mr. Martin and all of his associated counsel, including Merkel & Cocke. A copy of the Order permitting Martin, Merkel, and their other associated counsel to withdraw is attached hereto as Exhibit "3" and incorporated herein by reference.

14.     Following their withdrawal, Merkel & Cocke and Martin Law Firm filed attorney liens in the Lush Case. These notices of lien are attached hereto as cumulative Exhibit "4" and incorporated herein by reference.

15.     Attorney James Harris, an attorney licensed in the State of Alabama, then became lead counsel for the Lush Plaintiffs. Harris also had a 40% contingency contract with the Lush

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 38 of 55

Case 3:21-cv-00306-DPJ-FKB    Document 1    Filed 05/03/21    Page 5 of 12
Case: 3:20-cv-01162    Document #: 13    Filed: 09/23/2021    Page 14 of 31

Plaintiffs. Harris's contracts with the Lush Plaintiffs are attached hereto as cumulative Exhibit "5" and incorporated herein by reference. James Harris was admitted *pro hac vice* in the Lush Case. A copy of the Order admitting Harris *pro hac vice* is attached hereto as Exhibit "6" and incorporated herein by reference.

16.    James Harris eventually associated Mississippi attorney Defendant Jonathan M. Eichelberger to serve as local counsel. A copy of Eichelberger's Entry of Appearance in the Lush Case is attached hereto as Exhibit "7" and incorporated herein by reference. Defendant Eichelberger had a **separate contract** with each of the Lush Plaintiffs, whereby he would be paid a $50,000 flat fee if the matter resolved prior to trial and a $100,000 flat fee if a resolution or recovery was achieved after trial commenced. Defendant Eichelberger's separate contracts with each Lush Plaintiff are attached hereto as cumulative Exhibit "8" and incorporated herein by reference.

17.    In February of 2015, the Lush Case proceeded to trial and was settled for a confidential amount[1] after evidence had closed but prior to a verdict being rendered by the jury.

18.    An agreement was reached by which the Lush Plaintiffs could receive their portion of the settlement funds, the respective attorneys could be reimbursed the litigation expenses that they advanced to prosecute the litigation, and Mr. Eichelberger could be paid $100,000 under his separate contracts with the Plaintiffs. A copy of that Agreement is attached hereto as Exhibit "9" and incorporated herein by reference. Pursuant to that agreement, the 40%

---

[1] In order to preserve the confidentiality agreement as to the settlement of the Lush Case, neither the total amount of the settlement of the Lush Case nor the total amount of the 40% contingency fee (which would reveal the total amount of the settlement of the Lush Case) are being disclosed in this pleading. The only figure that Plaintiff discloses is the amount of money that belongs to Plaintiff (since it was earned pursuant to the contingency fee contract of James Harris), which is the original contingency fee minus the portion of the fee that was agreed to be paid to Martin/Merkel as discussed herein, *infra*. If disclosure of the total amount of the Lush Case settlement becomes necessary, the Court and parties can discuss a way to do so while maintaining confidentiality.

contingency fee earned pursuant to James Harris's contingency fee contract would be held in Defendant Eichelberger's Trust Account pending resolution of the splitting of attorney fees.

19.     Pursuant to the agreement mentioned above, the fee interests were to be aligned in two categories: (1) Martin/Merkel and (2) Harris and any associated counsel asserting liens.

20.     All attorneys who possibly asserted a fee interest or lien filed releases of their lien so that the funds could be distributed pursuant to the agreement. A copy of the lien release/waivers signed by attorneys John Waddell, Darwin Maples, Judy Barnett, Drew Martin/Martin Law Firm, and Charlie Merkel/Merkel & Cocke are attached hereto as cumulative Exhibit "10" and incorporated herein by reference.[2] Notably absent is any lien release/waiver for Defendant Eichelberger.

21.     A Joint Motion to Dismiss the Lush Case due to the settlement was filed on July 2, 2015. A copy of that Motion is attached hereto as Exhibit "11" and incorporated herein by reference. The Final Judgment of Dismissal of the Lush Case was filed on July 7, 2015. A copy of the Final Judgment is attached hereto as Exhibit "12" and incorporated herein by reference.

22.     Defendant Eichelberger received his $100,000 fee pursuant to his separate contracts. Pursuant to the terms of his separate contract with the Lush Plaintiffs, Defendant Eichelberger's fee doubled from $50,000 to $100,000 when the matter went to trial.

23.     Defendant Eichelberger has never filed in any court a Notice of Lien, release of lien, waiver of lien, complaint, or similar pleading asserting a claim to any portion of the attorney fee earned pursuant to James Harris's 40% contingency fee agreement.

---

[2] Prior to his death, James Harris agreed to pay attorney Judy Barnett, the attorney who originally filed the Lush Case, the sum of $16,002.50 from his portion of the attorney fees. The Estate of James Harris has informed Ms. Barnett that it will honor that explicit agreement and pay her that sum when it has access to the funds. Waddell, an Alabama attorney, resolved his interest with James Harris prior to Harris's death in a manner that did not implicate the funds at issue here. Maples, who was in the case only briefly, did not present any claim when given the opportunity and has no interest in the funds at issue here.

24.    James Harris died on October 22, 2015 following a battle with cancer.

25.    In 2016, an Estate was opened for James Harris in the State of Alabama, his state of residence at the time of his death. The Estate is styled *In re: Estate of James E. Harris*, In the Probate Court of Jefferson County, Alabama, Cause No. 2016-227351. *See* Exhibit "1," Letters Testamentary and Letters of Administration.

26.    On or about March 17, 2020, an agreement to divide the contingency fees was reached between the parties holding contingency fee contracts: the Martin/Merkel interest and the Estate of James Harris. A joint payment directive was issued to Defendant Eichelberger, who was holding the contingency fees in the Trust Account of Defendant The Eichelberger Law Firm PLLC, to disburse the funds pursuant to that agreed upon division. A copy of the Joint Payment Directive is attached hereto as Exhibit "13" and incorporated herein by reference.

27.    Upon information and belief, Defendant Eichelberger ratified the agreement between Martin/Merkel and the Harris Estate by sending the portion of the fee owing to Martin/Merkel under that agreement to Mr. Merkel. *See* Exhibit "14," Email from Merkel to Diaz (redacted to remove forwarding information and the amount of the check sent by Defendants to Merkel, in order to preserve confidentiality of the amount of the settlement of the Lush Case).

28.    Defendants have refused to send the $650,000 share of contingency fees belonging to the Estate of James Harris that is being held in their Trust Account.

29.    Defendants are holding the $650,000 because they claim they have a lien or claim against those funds for work done in the Lush Case that was allegedly not covered by Defendant Eichelberger's separate contracts with the Lush Plaintiffs.

30.    The Estate of James Harris now seeks a declaration from this Court that Defendants have no legal entitlement or claim against the $650,000 being held in their Trust Account.

31.    Defendants had a separate contract with each Lush Plaintiff pursuant to which they have already been paid $100,000.

32.    If Defendants had any claim to additional fees from the fee earned under the contingency fee contract of James Harris, then that would be through an extracontractual claim for *quantum meruit*.

33.    It is well-settled that actions for *quantum meruit* under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999).

34.    The Lush Case was settled in the Spring of 2015. Final Judgment was entered in the Lush Case on July 7, 2015. *See* Exhibit "12".

35.    The agreement by which the disputed attorneys' fees were placed in Defendants' Trust Account was reached in or around April of 2015. *See* Exhibit "9".

36.    The Defendants have never filed any complaint or cause of action asserting a *quantum meruit* or any other claim against the funds at issue.

37.    As such, Defendants have no claim to any portion of the $650,000 held in their Trust Account, as any such claim is now time-barred since not instituted within the three year statute of limitation under *Miss. Code Ann.* § 15-1-49.

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 42 of 55
Case 3:21-cv-00306-DPJ-FKB    Document 1    Filed 05/03/21    Page 9 of 12
Case: 1:21-cv-03162    Document #: 13    Filed: 09/23/2021    Page 18 of 31

## V. CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

### 28 U.S.C. §§ 2201 and 2202; Federal Rules of Civil Procedure 57 and 65

38.    Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

39.    This case presents an actual controversy as Defendants are holding attorney's fees earned by Plaintiff's decedent, James Harris, pursuant to the contingency fee contracts attached as Exhibit "5".

40.    Neither Defendant had a contingency fee contract with the Lush Plaintiffs by which they would be paid a percentage of the recovery in the Lush Case.

41.    Attorney James Harris had contingency fee contracts with the Lush Plaintiffs, by which the attorney's fee was set at 40% of any recovery achieved through Harris's representation. *See* Exhibit "5".

42.    Defendants had a separate, flat fee arrangement with the Lush Plaintiffs. *See* Exhibit "8".

43.    Under the terms of Defendants' flat fee arrangement with the Lush Plaintiffs, Defendants were to receive a flat fee of $50,000 if a recovery was achieved prior to trial and a flat fee of $100,000 if a recovery was achieved after trial commenced. *See* Exhibit "8".

44.    Defendants were entitled to $100,000 from the Lush Plaintiffs pursuant to their flat fee agreement, since the Lush Case was resolved after a jury trial commenced.

45.    Defendants were paid the $100,000 flat fee.

46.    Since Defendants did not have a contingency fee agreement with the Lush Plaintiffs based upon a percentage of the recovery achieved in the Lush Case, the $650,000 of legal fees being held in Defendants' Trust Account (following resolution of the fee dispute with

Merkel/Martin noted above and Defendants' payment of that share to those entities) belong entirely to Plaintiff, the Estate of James Harris.

47.    As such, Defendants are currently holding $650,000 of Plaintiff's funds in their Trust Account.

48.    Since Defendants did not have a contingency fee contract with the Lush Plaintiffs based upon a percentage of the recovery achieved in the Lush Case, the only claim they could have had to any portion of the legal fees earned pursuant to such a contingency fee agreement is by way of an extracontractual claim for *quantum meruit*.

49.    Actions for quantum meruit under Mississippi law must be filed within the general three-year statute of limitation in *Miss. Code Ann.* § 15-1-49. *See, e.g., Law Firm of Logan & Bise v. Stewart (In re Estate of Stewart)*, 732 So. 2d 255 (Miss. 1999).

50.    Defendants have never filed any claim, complaint, or instituted any formal legal action to make a claim to the funds earned by way of James Harris's contingency fee contract.

51.    The Lush Case was settled in 2015, final judgment was entered in the case on July 7, 2015, and James Harris died October 22, 2015.

52.    More than three years have elapsed since the accrual of any cause of action of the Defendants on the basis of *quantum meruit*.

53.    Because more than three years have elapsed since the accrual of any cause of action to the Defendants and they have not instituted any action to assert any claim to the funds earned by James Harris's contingency fee contract, this Court should declare that any claim that Defendants may have had to those funds is time-barred and that the funds belong solely to the Estate of James Harris.

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 44 of 55
Case 3:21-cv-00306-DPJ-FKB    Document 1    Filed 05/03/21    Page 11 of 12
Case: 3:21-cv-00306-DPJ-FKB    Document #: 15-1    Filed: 09/23/2021    Page 20 of 31

54.     Plaintiff also seeks injunctive relief in the form of an order to the Defendants to tender the $650,000 at issue to the Estate of James Harris. This should be ordered upon a declaration that Defendants have no viable legal claim to the funds due to the expiration of the applicable statute of limitations or such earlier time as determined by the Court.

## VI.  PRAYER FOR RELIEF

55.     Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, the Estate of James Harris, hereby demands judgment against the Defendants and requests that this Court grant relief as follows:

a.     Declare that Defendants have no legal claim to any portion of the $650,000 being held in their IOLTA Trust Account, as any such claim they may have had is barred by the applicable statute of limitations under Mississippi law.

b.     Issue temporary and permanent injunctive relief, without bond, requiring the Defendants to tender to the Estate of James Harris the $650,000 being held in their IOLTA Trust Account.

c.     Grant such other relief, in law or in equity, as the Court deems just and proper under the circumstances.

This the 3rd day of May, 2021.

Respectfully submitted,

**THE ESTATE OF JAMES HARRIS**

BY:     _/s/ Oliver E. Diaz, Jr._
        OLIVER E. DIAZ, JR.

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 45 of 55

Case 3:21-cv-00306-DPJ-FKB    Document 1    Filed 05/03/21    Page 12 of 12
Case: 3:21-cv-00306-DPJ-FKB    Document #: 15    Filed: 09/23/2021    Page 21 of 31

**OF COUNSEL:**

Oliver E. Diaz, Jr. (MSBN 6064)
1 Carlyle Place
Jackson, MS 39216-3744
T: (601) 862-8480
E: oliver@oliverdiazlaw.com

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, Mississippi 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 46 of 55

Case: 25CH1:20-cv-01162    Document #: 13    Filed: 09/23/2021    Page 22 of 31
Case 25CH1:20-cv-01162    Document #: 4    Filed 09/17/2020    Page 1 of 2

IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

J. MATTHEW EICHELBERGER                                    PETITIONER

VS.                                    CAUSE NO. G20CI-1162-C/2

ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and
JOHN DOES 1-10                                    RESPONDENTS

SUMMONS

THE STATE OF MISSISSIPPI

TO:    Estate of James Harris
c/o Beverly Harris
538 Barrington Ct.
Jonesboro, AL 35210

NOTICE TO RESPONDENT

THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE HEREBY SUMMONED and required to serve on the Petitioner, J. Matthew
Eichelberger, Esq. of the Eichelberger Law Firm, PLLC (whose address is 5063 Pratt Street, Denver,
MS 39206) an answer to the Petition which is being served on you with this summons, within thirty (30)
days after service of this summons or judgment by default will be taken against you for the money or things
demanded in the Petition. You must also file the original of your answer with the Clerk of this Court within
a reasonable period of time after service.

Issued under my hand and the seal of said court, this _14th__ day of September, 2020.

EDDIE JEAN CARR, CHANCERY CLERK
Hinds County, Mississippi

BY: _____

EXHIBIT 2

PROOF OF SERVICE - SUMMONS

STATE OF
COUNTY OF

( ) I personally delivered copies of the summons and petition on the _____ day of _____ 20____.

( ) After exercising reasonable diligence, I was unable to deliver copies of the summons and petition to _____ within _____ County, Alabama. I served the summons and petition on the _____ day of _____ 20____ at the usual place of abode of said _____ by leaving a true copy of the summons and petition with _____ who is the _____ a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and petition, and thereafter on the _____ day of _____ 20____ I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the summons and petition.

FEE FOR SERVICE $ _____

PROCESS SERVER

ADDRESS _____

TELEPHONE _____
Fax _____

STATE OF _____
COUNTY OF _____

PERSONALLY appeared before me, the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn, states on oath that the matters of facts set forth in the foregoing Proof of SERVICE - SUMMONS are true and correct as therein stated.

PROCESS SERVER

SWORN to and subscribed before me on this the _____ day of _____.

NOTARY PUBLIC

My commission expires:

_____

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 48 of 55

Case: 25CH1:20-cv-01162    Document #: 1    Filed: 09/23/2021    Page 24 of 31
Case: 25CH1:20-cv-01162    Document # 2    Filed 09/17/2020    Page 2 of 9

F I L E D

SEP 17 2020

EDDIE JEAN CARR CHANCERY CLERK

M _Rankin_ D.C.

IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

J. MATTHEW EICHELBERGER                                    PETITIONER

VS.                          CAUSE NO. G2020-1162 O/3

ESTATE OF JAMES HARRIS, M. JUDITH BARNETT,
JOHN WADDEL, ESTATE OF DARWIN MAPLES, and
JOHN DOES 1-10                                            RESPONDENTS

PETITION FOR DECLARATORY JUDGMENT

COMES NOW THE PETITIONER, J. Matthew Eichelberger, and pursuant Rule
57 of the Mississippi Rules of Civil Procedure, files this, his Petition for Declaratory
Judgment. By this filing, Petitioner seeks a declaratory judgment as outlined below. In
support of the foregoing, the Petitioner would show unto the Court the following to-wit:

1. Petitioner, J. Matthew Eichelberger, is an adult resident citizen of Hinds
County, Mississippi.

2. Respondent Estate of James Harris is an Alabama estate originating out of the
death of James Harris. Service on the Estate of James Harris may be affected by serving its
Beverly Harris administratrix of the Estate at 548 Barringdon Ct, Irondale, AL 35210.

3. Respondent M. Judith Barnett is a resident of the State of Mississippi. Service may
be obtained on her by serving her office address at 1 17 Durhaven Ct, Jackson, MS 39211.

4. Respondent Estate of Darwin Maples originated out of the death of the former
judge, Darwin Maples, of which the Petitioner represents the estate of as an attorney.

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 49 of 55

Case: 25CH1:20-cv-01162    Document #: 13    Filed: 09/23/2021    Page 25 of 31
Case: 25CH1:20-cv-01162    Document #: 2    Filed: 09/17/2020    Page 2 of 4

was a resident of George County, Mississippi prior to his death. It said Estate has not been
opened. Petitioner will seek relief to open the same.

Defendant John Waddell is, upon information and belief, a resident of the State of
Florida. He may be served with process at 176 NW Acorn Dr. Lake City, FL.

The John Doe Defendants are any and all entities of the successors in interest to the
aforementioned Respondents.

Venue in this Honorable Court is proper in that the matter the action was filed in
connection with Respondent Barnett is a resident of Hinds County, the Petitioner is a
resident of George County, and the property at issue is in Hinds County. This court is the
court with jurisdiction over this matter and to resolve the dispute of both the property and
intervention of this State estate.

Further, in this Petition, at issue in addressing a settlement was an action in the
Court in its disposition of the same in Settlement in the Court. This Court entered its
reentered in this Court Order No. 25CH1-20-01162 to act to resolve the matter on
the terms agreement that may be valid and referred on this estate of this to the
agreement of the parties in Settlement in and on behalf of the entire Defendants in this
State.

Case: 25CH1:20-cv-01162    Document #: 2    Filed: 09/17/2020    Page 3 of 4

Case 3:21-cv-00607-DPJ-FKB    Document 4    Filed 10/04/21    Page 51 of 55

Case: 25CH1:20-cv-01162    Document #: 13    Filed: 09/23/2021    Page 27 of 31
Case: 25CH1:20-cv-01162    Document = 2    Filed: 09/17/2020    Page 4 of 4

RESPECTFULLY SUBMITTED, this the 7th day of September 2020

By _____
    C. Matthew Eichelberger, Petitioner

SWORN TO AND SUBSCRIBED before me, this the ____ day of September 2020

_____
NOTARY PUBLIC

My Commission Expires:
05-08-2023

C. Matthew Eichelberger, Miss No. 105419
NATIONAL POWER LAW FIRM, PLLC
[illegible address lines]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Estate of James Harris
c/o Beverly Harris
348 Barrington Ct
Irondale, AL 35210

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail®    ☐ Priority Mail Express™
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
7021 0950 0001 3060 0246

PS Form 3811, July 2013    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

The Eichelberger Law Firm
308 E. Pearl St., Suite 201

Jackson, MS 39201

ATTORNEY & COUNSELOR AT LAW

graham.carner@gmail.com

August 22, 2017

Mary Judith Barnett
1911 Dunbarton Drive
Jackson, MS 39216

Re:    *Lush et al. v. Thompson et al.*; In the Circuit Court of the Second
       Judicial District of Hinds County, Mississippi; Civil Action No. 252-07-
       0001-CIV

Dear Judy:

I am in receipt of several letters from you and one in response from Mr. Merkel. I
along with Oliver Diaz represent the Estate of James Harris with respect to the
attorneys' fee issue arising from the *Lush* litigation. I am writing to address your
request for payment in your letters.

As Oliver and I have both stated to you before, the Harris Estate acknowledges your
bill for $16,002.50 in attorney's fees and does not dispute that you are owed that
amount. It is my understanding that your expenses of $511.00 have already been
reimbursed. Further, there is no dispute that the Harris Estate intends to pay you
from its fee recovery once the overall attorney fee dispute is finalized.

While we would love to simply have a check cut for you now, we cannot for a few
reasons. First, we are not free to distribute any funds without a court order.
Second, since an Estate is involved any potential overall settlement (including the
agreement to pay your bill in full) must be approved by the court overseeing Mr.
Harris's Estate prior to any distribution of funds. Simply put, your bill can only be
paid once the overall dispute is resolved or decided by the courts.

There is one thing that you can do to make this process run more smoothly once we
reach the point of final approval. As you recall, you filed a "Notice of Lien" (Docket
# 356) on behalf of a previously-dismissed plaintiff, Reid Thomas. On behalf of
James Harris, I filed a Motion to Strike that purported lien. Mr. Merkel did the
same on behalf of the parties he represents.

Mr. Thomas clearly has no viable interest here, as all of his claims have been
previously dismissed with prejudice in both state and federal court proceedings. If
the purported lien is not withdrawn, all parties will have to move forward on their
motions to strike the pleading and their related requests for sanctions. This will

EXHIBIT 3

*Letter to Barnett*
*August 22, 2017*
*Page 2*

only slow the process down even more.  Accordingly, we ask that you file a pleading withdrawing the purported lien of Reid Thomas.

I hope this letter serves to reassure you that your bill is acknowledged in full and will be paid when the matter is finalized.

Should you have any questions, or wish to discuss this further, feel free to contact me.

Sincerely,

GRAHAM P. CARNER, PLLC

c:    Charles Merkel (via e-mail)
      Drew Martin (via e-mail)
      J. Matthew Eichelberger (via e-mail)
      Oliver Diaz (via e-mail)